■ LAING LOGGING, INC., Appellant-Respondent, v INTERNATIONAL PAPER COMPANY, Respondent-Appellant. [644 NYS2d 91]
—Casey, J.

This action for money damages arises out of a series of

contracts whereby defendant, a paper manufacturer, agreed to purchase wood chips for fuel from plaintiff, a timber harvesting company owned by David Laing and Ruth Laing. The contracts, the first of which covered the one-year period beginning January 1, 1986, were the result of negotiations in 1985 between the Laings and George Ellis, the supervisor of defendant's purchase fiber division. Although each contract was for a one-year term or less, plaintiff alleges that Ellis repeatedly assured the Laings that defendant would need 40 to 50 tons of wood chips per day on a long-term basis. Based upon Ellis' representations, plaintiff and the Laings, individually, obtained bank loans to finance the purchase of wood chipping equipment. In December 1989, defendant informed plaintiff that it no longer foresaw a need to purchase wood chips for fuel. Plaintiff commenced this action in September 1991 alleging, *inter alia*, causes of action based upon unjust enrichment, fraud and breach of an oral contract. After joinder of issue and completion of discovery, defendant moved for summary judgment. Plaintiff cross-moved for leave to serve an amended complaint, which would add causes of action based upon allegations that defendant breached each of the parties' seven written contracts by failing to purchase 40 to 50 tons of wood chips per day. The amended complaint also sought to add the Laings as plaintiffs on each cause of action.

Supreme Court partially granted plaintiff leave to serve an amended complaint, subject to the dismissal of several of the causes of action contained therein. Supreme Court denied plaintiff's cross motion insofar as it sought to add the Laings as plaintiffs. The parties cross-appeal from Supreme Court's order.

We reject plaintiff's contention that Supreme Court erred in dismissing the fraud cause of action. When, as in this case, a party asserts a fraud cause of action based upon a claim that it was fraudulently induced to enter into a contract, "the misrepresentations alleged in the pleadings must be more than merely promissory statements about what is to be done in the future; they must be misstatements of material fact or promises made with a present, albeit undisclosed, intent not to perform them" (*Shlang v Bear's Estates Dev.*, 194 AD2d 914, 915). The misrepresentation upon which plaintiff relies in this case is the assurance by defendant "that it would always need chips, would always purchase the same from plaintiff, that it would at least need two loads of chips 5 days per week." Plaintiff was required to assert its claim in detail; conclusory allegations will not suffice (*see, Telmark, Inc. v Mills*, 199 AD2d

579, 581). Other than conclusory allegations by plaintiff, there is no evidence that when defendant made the representations about future use of wood chips supplied by plaintiff, it did not then intend to use wood chips for more than a few years and made the representations to deceive plaintiff (*see, Abelman v Shoratlantic Dev. Co.*, 153 AD2d 821, 822). The mere fact that the expected performance was not realized is insufficient to demonstrate that defendant falsely stated its intentions (*see, Lanzi v Brooks*, 54 AD2d 1057, 1058, *affd* 43 NY2d 778). Accordingly, the fraud cause of action, including the punitive damage claim asserted in connection therewith, was properly dismissed.

We also reject plaintiff's contention that Supreme Court erred in dismissing the first and second breach of contract causes of action contained in the amended complaint as barred by the four-year Statute of Limitations applicable to the sale of goods (*see, UCC 2-725*). According to plaintiff, there is at least a question of fact as to whether the contracts were for the provision of services and, therefore, subject to the six-year Statute of Limitations (*see, CPLR 213 [2]*). It is clear that the predominant purpose of the parties' contracts was the transfer of title to personal property, i.e., wood chips, which is a sale of goods (*see, UCC 2-105 [1]; 2-107*); plaintiffs' labor in chipping the wood and delivering it to defendant's site was merely incidental or collateral to the sale of wood chips (*see, Sawyer v Camp Dudley*, 102 AD2d 914).

We see no error in Supreme Court's refusal to permit the addition of the Laings as individual plaintiffs in this action. The Laings were not parties to the contracts which are the basis for this action (*see, Green v Lake Placid 1980 Olympic Games*, 147 AD2d 860). Absent privity of contract, the Laings have no right to recover from defendant for their economic loss allegedly caused by defendant's breach of contract (*see, Residential Bd. of Mgrs. v Union Sq.—14th St. Assocs.*, 190 AD2d 636).

On its cross appeal, defendant argues that the five remaining breach of contract causes of action should be dismissed. The breach of contract alleged in each of the causes of action concerns defendant's failure to use 40 to 50 tons of wood chips per day. Each of the five contracts provides that the volume of wood chips shall be "as ordered" by defendant. Citing the "requirements" provision of UCC 2-306 (1), defendant contends that the "as ordered" term is sufficiently definite to demonstrate the parties' intent that the writings constitute their final agreement as to the volume of wood chips and, therefore, pursuant to the parol evidence rule (UCC 2-202), plaintiff is

barred from contradicting that term by evidence of any prior written agreement or contemporaneous oral agreement.

UCC 2-306 (1) provides: "A term which measures the quantity by * * * the requirements of the buyer means such actual * * * requirements as may occur *in good faith*, except that no quantity unreasonably disproportionate to any stated estimate *or in the absence of a stated estimate to any normal or otherwise comparable prior * * * requirements* may be tendered or demanded" (emphasis supplied).

Assuming that the contracts at issue are "requirements" contracts, as suggested by defendant, they contain no stated estimate and, therefore, the evidence of prior dealings presented by plaintiff is relevant to the issue of "normal or otherwise comparable prior * * * requirements". The essential test is whether defendant acted in good faith (*see*, UCC 2-306, Official Comment 2), and the evidence in the record does not establish defendant's entitlement to judgment as a matter of law on the good-faith issue. If, on the other hand, the contracts are not "requirements" contracts within the meaning of UCC 2-306 (1), the term "as ordered" by defendant is patently ambiguous and the evidence presented by plaintiff can be used to explain or supplement the term (*see*, UCC 2-202).

For the reasons set forth above, Supreme Court's order should be affirmed.

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.