■ SUSAN HEWLETT, Appellant-Respondent, v MICHAEL T. STAFF, Individually and as President of Lake Shore Estates, Inc., et al., Respondents-Appellants, and ROGER HEWLETT, Individually and as Vice President and Secretary of Lake Shore Estates, Inc., Respondent. [652 NYS2d 350] —Casey, J. (1) Cross appeals from an order of the Supreme Court (Dier, J.), entered January 2, 1996 in Warren County, which, *inter alia,* partially granted certain defendants' motion to dismiss the complaint against them for failure to state a cause of action, and (2) appeal from an order of said court, entered March 22, 1996 in Warren County, which granted defendant Roger Hewlett's cross motion to dismiss the complaint against him for, *inter alia,* failure to state a cause of action.

Plaintiff, a 25% shareholder in Lake Shore Estates, Inc., commenced this action against the other two Lake Shore shareholders, defendants Michael T. Staff (50%) and Roger Hewlett (25%), and against defendant Abraham T. Staff seeking, *inter alia,* to recover damages based upon allegations of fraud and breach of fiduciary duty. Before issue was joined, defendants moved to dismiss the complaint pursuant to CPLR 3211. Supreme Court granted the motions, but denied defendants' request for sanctions pursuant to 22 NYCRR part 130. The parties cross-appeal from the orders.

Inasmuch as the motions sought dismissal of the complaint pursuant to CPLR 3211 and were not converted to summary judgment motions (*see,* CPLR 3211 [c]), the issue is whether plaintiff has alleged a cause of action, giving her the benefit of every possible favorable inference (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633). We conclude that the facts alleged by plaintiff do not establish that a cause of action exists in her favor.

Lake Shore was formed in 1988 to develop a lakefront parcel of property on Lake George. The corporation obtained bank financing, which was personally guaranteed by each of the shareholders, including plaintiff. Additional security in the form of a mortgage was provided by Tahoe Motel and Beach Club, Inc. (hereinafter Tahoe), a corporation owned by the same shareholders as own Lake Shore. In 1991 plaintiff executed a mortgage in favor of the bank as additional collateral security for the financing. Written agreements to extend and/or modify the financing were executed by Lake Shore's shareholders in 1993 and 1994.

Lake Shore was apparently unable to develop enough lots to avoid default on its financing obligation. Accordingly, in order to avoid the bank's foreclosure of the mortgage given by Ta-

hoe, a viable, operating business, Abraham Staff purchased the loans at a discount and assigned them to OLT Associates, a general partnership in which Michael Staff is a partner. OLT Associates and Michael Staff, who had made personal advances to Lake Shore, thereafter commenced actions against plaintiff which resulted in a judgment in their favor on certain notes and guarantees and a judgment foreclosing the mortgage on plaintiff's home.

Plaintiff's fraud cause of action is based upon allegations that she was induced to become a shareholder in Lake Shore by the assurances of Hewlett and Michael Staff that she would incur no personal liability for any of the financing and that all principal and interest would be paid by the proceeds of the sale of lots developed by Lake Shore. Plaintiff's claim that she was not to incur any personal liability is patently inconsistent with her execution of the personal guarantees. The assurances allegedly relied on by plaintiff constitute nothing more than "mere expressions of opinion of present or future expectations [which] are not to be considered promises when examining the issue of fraud in the inducement" (*Crossland Sav. v SOI Dev. Corp.*, 166 AD2d 495). The absence of any factual allegations to demonstrate that the assurances were statements of intent to do something in the future, made with the knowledge that the acts will not in fact be performed or with the present intention not to perform them, is fatal to plaintiff's fraud claim (*see, Wilsen Assocs. Real Estate Corp. v Pizilly*, 204 AD2d 777, 778). Plaintiff alleges nothing more than overly optimistic expectations for a risky business venture that ultimately failed. In any event, each of the agreements extending and/or modifying the financing arrangement included a provision that "no oral or other agreements, * * * understandings, representations or warranties exist", which negates plaintiff's claim of fraud in the inducement (*see, Citibank v Plapinger*, 66 NY2d 90, 95).

Plaintiff's claim of breach of a fiduciary duty is based upon Abraham Staff's purchase of Lake Shore's debt at a discount. Plaintiff theorizes that the purchase of Lake Shore's debt at a discount was a "corporate opportunity", and that Michael Staff and Hewlett, as majority shareholders in Lake Shore, permitted this "corporate opportunity" to be diverted or stolen without her knowledge. The debt, however, was a Lake Shore liability, not a corporate asset. It is undisputed that Lake Shore had sold its last lot and had no assets to pay the debt; Lake Shore's default was imminent. There are no factual allegations that Lake Shore could have paid off the debt even with the discount. Nor does plaintiff allege that she could have pur-

chased the debt. Abraham Staff's purchase of the debt was not for the purpose of diverting a "corporate opportunity", but to avoid foreclosure of the mortgage given by Tahoe as collateral security for the debt. Neither Lake Shore nor plaintiff was disadvantaged by the transaction, which left plaintiff in the same position as she was when the bank held the debt. Nor are there any factual allegations to demonstrate that the majority shareholders actually benefited from the transaction at the expense of Lake Shore or plaintiff. We conclude, therefore, that plaintiff has no breach of fiduciary duty claim.

Plaintiff's remaining claims, seeking the imposition of a constructive trust and an accounting, must also fail because they are derived from the fraud and breach of fiduciary duty claims. As to defendants' claim for sanctions, we conclude that although plaintiff's complaint lacks merit, it is not so frivolous as to justify sanctions.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.