◼ THOMAS M. McGOVERN et al., Appellants, v T.J. BEST BUILDING AND REMODELING, INC., Also Known as T.J. BEST BUILDING AND REMODELING, et al., Defendants, and JEFFREY G. CHRISTIANA et al., Respondents. [666 NYS2d 854] —Crew III, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered August 2, 1996 in Saratoga County, which, *inter alia*, granted a motion by defendants Jeffrey G. Christiana and Blake Realty Inc. for summary judgment dismissing the complaint against them.

On or about September 5, 1984, plaintiffs Nicholas W. Verola and Sandra L. Verola entered into a contract with defendant T.J. Best Building and Remodeling, Inc.[1] for the construction of a new home to be located in a development known as Old Stage Manor in the Town of Charlton, Saratoga County. Thereafter, on or about July 23, 1985, plaintiffs Thomas M. McGovern and Rose McGovern also entered into a contract with Best for the construction of a new home in the same development. Prior to the execution of these contracts, defendant Blake Realty Inc. and its president, defendant Jeffrey G. Christiana, apparently had entered into a listing agreement with Best for the lots in the development and defendant James Furey, a licensed real estate salesperson, subsequently negotiated the sales of the aforementioned parcels to plaintiffs.

During and following the construction of their respective

---

1. All references to Best shall include the corporate entity and its alleged officers, defendants Thomas J. Best and Sue Best.

homes, plaintiffs allegedly experienced various problems that Best purportedly failed to remedy. When no satisfactory resolution was forthcoming, plaintiffs commenced this action against defendants alleging fraud in the inducement and breach of express and implied warranties. Following joinder of issue and discovery, Christiana, Blake Realty and Furey (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint. Supreme Court, without written decision, dismissed the complaint as against Christiana and Blake Realty in its entirety and dismissed the second and third causes of action for breach of warranty as against Furey, leaving plaintiffs with a cause of action for fraud against Furey.[2] This appeal by plaintiffs ensued.

In our view, the only error that Supreme Court made with respect to defendants' motion for summary judgment dismissing the complaint was in failing to grant the motion in its entirety. Although the complaint sets forth numerous allegations, plaintiffs essentially contend that Furey, as an agent of Blake Realty, affirmatively represented to them that Best was a reliable and financially solvent builder with an excellent reputation for performing quality workmanship. Based upon such assurances, plaintiffs assert that they entered into contracts with Best for the construction of their respective homes. Assuming, without deciding, that such assertions constitute an actionable misrepresentation of a material fact and not a mere expression of opinion, we nevertheless are of the view that plaintiffs' cause of action for fraud should be dismissed.

"It is well settled that a cause of action for fraud consists of four elements: (1) misrepresentation of a material fact, (2) scienter, (3) justifiable reliance, and (4) injury or damages" (*Rosario-Suarz v Wormuth Bros. Foundry*, 233 AD2d 575, 578; *see, Landes v Sullivan*, 235 AD2d 657, 658). Although Furey acknowledged in his affidavit in support of defendants' motion for summary judgment that he indeed advised plaintiffs that "Best enjoyed a good reputation in the community as being an excellent builder", he further averred that at the time of the respective contract negotiations he "had no reason to believe that Best was anything other than a successful building contractor". Specifically, Furey testified at his examination before trial that he was not aware, prior to the execution of the

**2.** The second cause of action (express warranty) contained allegations relating only to Best which, at some point, apparently filed for bankruptcy. Additionally, although the original complaint also named Phil A. Rodriguez and Mary Lou Rodriguez as plaintiffs, Supreme Court's order amended the caption to reflect their removal as such.

subject contracts, of any complaints relating to Best's quality of workmanship. Similarly, with respect to Best's financial status, Furey averred that he first became aware that Best was experiencing financial difficulties shortly before it filed for bankruptcy which, according to Furey, was well after plaintiffs had executed their contracts and was subsequent to the respective closings and transfers of title. In opposition to defendants' motion, plaintiffs offered nothing but their conclusory assertions that Furey knowingly misrepresented Best's qualifications and financial status which, of course, is an insufficient basis upon which to deny defendants summary judgment.

The remaining allegations made by plaintiffs, the bulk of which concern either specific defects in workmanship or work that simply was not performed, e.g., landscaping, suffer from various infirmities. As a starting point, the record as a whole generally fails to identify which of the named defendants made the alleged misrepresentations and/or establish when such representations were made, i.e., plaintiffs have not demonstrated with any degree of particularity who said what and when. Additionally, as to those allegations detailing various unfulfilled promises with respect to work that was to be performed, it is well settled that where, as here, "a party asserts a fraud cause of action based upon a claim that it was fraudulently induced to enter into a contract, 'the misrepresentations alleged in the pleadings must be more than merely promissory statements about what is to be done in the future; they must be misstatements of material fact or promises made with a present, albeit undisclosed, intent not to perform them'" (*Laing Logging v International Paper Co.*, 228 AD2d 843, 844, quoting *Shlang v Bear's Estates Dev.*, 194 AD2d 914, 915). Stated another way, "[t]he mere fact that the expected performance was not realized is insufficient to demonstrate that [the] defendant falsely stated its intentions" (*id.*, at 845; *see, Landes v Sullivan*, 235 AD2d 657, 660, *supra*). Again, even accepting that the alleged misrepresentations indeed were made by defendants, plaintiffs have done nothing more than allege in a vague, conclusory and unsubstantiated fashion that defendants made such statements knowing that they were false and knowing that the promised work would not in fact ever be performed. Finally, as for plaintiffs' claim that Furey misrepresented the projected taxes on the parcels and, with respect to the McGoverns, misrepresented whether a particular item was included in the price of the contract, we need note only that plaintiffs cannot justifiably rely upon representations made with respect to these or any other matters that, through the exercise of ordinary intelligence, they could have ascertained

the veracity of on their own (*see, Cohen v Colistra*, 233 AD2d 542, 543).

Accordingly, for all of the reasons previously discussed, we are of the view that plaintiffs' cause of action for fraud should be dismissed in its entirety. Plaintiffs' remaining contentions, including their assertion that Supreme Court erred in granting defendants' motion for summary judgment dismissing the third cause of action for breach of implied warranties, have been examined and found to be lacking in merit.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant James Furey for summary judgment dismissing plaintiffs' first cause of action for fraud; motion granted to said extent and said cause of action dismissed; and, as so modified, affirmed.