■ VICTORIA TANZMAN et al., Appellants, v ROBERT LA PIETRA, Respondent. [737 NYS2d 444] —Peters, J.P. Appeal from an order of the Supreme Court (Lamont, J.), entered December 4, 2000 in Schoharie County, which, inter alia, denied

plaintiffs' motion for summary judgment.

In November 1991, plaintiffs, defendant and Fred Bush, defendant's business associate, entered into a contract whereby plaintiffs became investors in vacation property located on Martha's Vineyard in Massachusetts. The contract stated that La Pietra Associates, Inc., a closely held corporation, had constructed a 2,300 square foot single family house on a lot that it owned in Martha's Vineyard which had an appraised value of $500,000. It further stated that each shareholder of La Pietra Associates would be entitled to participate in the use and eventual sale of the premises for profit and, therefore, by entering into this agreement plaintiffs were to purchase a 25% interest in the corporation for $125,000. Finally, under certain conditions, the contract provided for a repurchase of the stock at the original price; Bush signed as president and defendant as secretary and treasurer.

It appears undisputed that prior to the execution of the contract, plaintiffs knew that the property was owned by defendant and Bush as partners and that it was their intention to subsequently transfer the property to the corporation. Plaintiffs believed that the transfer occurred when they signed the contract, wrote a check for $5,000 to defendant and received a stock certificate. Defendant contends that he never represented that the property was held by any entity other than the partnership, although a transfer of the property to La Pietra Associates had been planned.

Over the next few years, plaintiffs wrote checks payable to Bush personally and not the corporation; their investment totaled $66,250. During this period, they went to the home at Martha's Vineyard and used it as a vacation retreat. Along with Bush, defendant and others, they attended annual meetings where monetary distributions, representing a return of profit on their investment, were distributed. Annually, plaintiffs were furnished with K-1 partnership schedules for this investment property which they filed with their personal income tax returns. When financial difficulties became evident, plaintiffs learned that the mortgage and other related costs had not been paid for a lengthy period. Plaintiffs' request to have their stock repurchased went unheeded and the property was subsequently lost to a mortgage foreclosure.*

Plaintiffs commenced the instant action, contending that de-

---

\* In a separate agreement, Bush paid plaintiffs the sum of $25,000 in an effort to absolve himself of liability.

fendant breached the contract and fraudulently misrepresented certain facts which induced them to enter into the contract. After joinder of issue and discovery, plaintiffs moved for, inter alia, summary judgment prompting a cross motion by defendant for dismissal. Supreme Court denied plaintiffs' motion and partially granted defendant's motion by dismissing all causes of action except those alleging fraud and fraudulent misrepresentation. Plaintiffs appeal.

Supreme Court properly applied the well-established precept that in determining a motion for summary judgment, the focus must be on issue identification rather than issue determination (*see, RMS Partners Tivoli Co. v Uccellini*, 249 AD2d 788, 791). Since a cause of action based on fraud and fraudulent misrepresentation requires a showing that defendant knowingly misrepresented a material fact which was justifiably relied on and which caused injury or damage to plaintiffs (*see, Fitch v TMF Sys.*, 272 AD2d 775, 777), our inquiry must focus upon the way in which defendant represented the ownership structure of the property. Although the contract expressly states that the corporation purchased the property in question and built a house thereon, defendant averred that it was always explained to plaintiffs that the property was not yet owned by the corporation. Defendant maintains that while the partnership fully intended to transfer its ownership to the corporation, circumstances changed thereafter. With plaintiffs making all checks payable to either defendant or Bush and never questioning the annual K-1 partnership schedules they received for income tax purposes, we find that defendant has raised a viable issue as to whether there was a knowing misrepresentation of a material fact which was justifiably relied upon by plaintiffs (*see, CFJ Assoc. of N.Y. v Hanson Indus.*, 274 AD2d 892, 894). For these reasons, Supreme Court appropriately denied plaintiffs' motion for summary judgment at this juncture.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

