■ VICTORIA TANZMAN et al., Respondents, v ROBERT LA PIETRA, Appellant. [778 NYS2d 199]—

---

Rose, J. Appeal from a judgment of the Supreme Court (Hughes, J.H.O.), entered August 5, 2002 in Schoharie County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs commenced this action to recover damages for breach of contract and fraud as a result of their unsuccessful attempt to become part owners of a vacation home located on Martha's Vineyard in Massachusetts. A further recitation of the underlying facts may be found in our prior decision affirming an order denying plaintiffs' motion for summary judgment and granting dismissal of all causes of action except those alleging fraud and fraudulent misrepresentation (291 AD2d 703 [2002]). After trial, the jury found that defendant had fraudulently misrepresented to plaintiffs that his closely held corporation was the owner of the vacation home and, if they invested in the corporation, it would buy back their shares at the original purchase price after two years. The jury awarded plaintiffs damages in the amount of $66,250, which Supreme Court reduced to $41,250 in light of plaintiffs' settlement with another officer of the corporation. Defendant appeals and we reverse.

In order to recover damages for fraud, a plaintiff is required to prove, by clear and convincing evidence, a misrepresentation, which was false and known by the defendant to be false, made for the purpose of inducing the plaintiff to rely upon it, justifiable reliance and injury (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Gizzi v Hall*, 300 AD2d 879, 880 [2002]; *McGovern v Best Bldg. & Remodeling*, 245 AD2d 925, 926 [1997]). As to the element of reliance, "[w]here a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means, he [or she] cannot claim justifiable reliance on [the] defendant's misrepresentations" (*Stuart Silver Assoc. v Baco Dev. Corp.*, 245 AD2d 96, 98-99 [1997]; *see Cohen v Colistra*, 233 AD2d 542, 542-543 [1996]; *Pinney v Beckwith*, 202 AD2d 767, 768 [1994]).

Here, the evidence at trial includes a written contract that was drafted by defendant and first presented to plaintiffs at the parties' second meeting. This contract recites that the corporation had purchased a building lot and constructed a house on it. On direct examination, however, plaintiff Jay Tanzman testified that plaintiffs had been told at the parties' first meeting, held a few weeks before, that defendant and his partner intended to put the house in the corporate name. This was consistent with defendant's own testimony that he and his partner had told plaintiffs at their first meeting that they, rather than the corporation, owned the house at that time. When Tanzman was

then asked what, if anything, plaintiffs were told at the second meeting regarding the transfer of ownership of the house, he testified, "We were told nothing about the transfer of the house. We got our understanding about the ownership of the house by the corporation from prior discussions and from the contract language." On cross-examination, Tanzman emphasized that his only knowledge that the corporation owned the house was based upon the language in the contract.

Despite the apparent inconsistency between the discussion of ownership at the parties' first meeting and the contract's recitation that the corporation had first purchased the lot and then constructed the house, plaintiffs admitted that they did not investigate. They made no inquiry and took no steps to ascertain who owned the house, such as requesting a copy of the deed, reviewing title or checking public records. Nor is there evidence that the statement in the contract as to ownership was a matter peculiarly within defendant's knowledge or there were no means readily available by which plaintiffs could have determined its truth. In these circumstances, plaintiffs failed to prove that their reliance on the representation in the contract was justifiable (*see Shui Ching Chan v Bay Ridge Park Hill Realty Co.*, 213 AD2d 467, 469 [1995]; *Parkway Woods v Petco Enters.*, 201 AD2d 713, 713 [1994]; *Callahan v Miller*, 194 AD2d 904, 905-906 [1993]).

Turning to the second misrepresentation, which was also contained in the contract, we note that it did not make a statement of present fact, but rather a promise to repurchase plaintiffs' corporate shares in the future. A present expression of the intent to perform a future act is actionable as fraud only if "actually made with a preconceived and undisclosed intention of not performing it" (*Sabo v Delman*, 3 NY2d 155, 160 [1957]; *see Rudman v Cowles Communications*, 30 NY2d 1, 9 [1972]; *Hewlett v Staff*, 235 AD2d 696, 697 [1997]). Absent a showing of a present intent to deceive, such a statement is insufficient to establish a cause of action for fraud (*see Cornock v Murnighan*, 285 AD2d 874, 874 [2001]). "Stated another way, '[t]he mere fact that the expected performance was not realized is insufficient to demonstrate that [the] defendant falsely stated its intentions' " (*McGovern v Best Bldg. & Remodeling, supra* at 927, quoting *Laing Logging v International Paper Co.*, 228 AD2d 843, 845 [1996]). Plaintiffs here failed to present any evidence, other than the corporation's lack of assets before plaintiffs made their investment, that defendant did not intend to keep this promise at the time it was made. Absent proof of the requisite intent, plaintiffs' claim was subject to dismissal (*see Hewlett v Staff, supra* at 697).

Given these deficiencies in plaintiffs' proof, the evidence was insufficient to support the jury's verdict and Supreme Court should have granted defendant's motion for a directed verdict in his favor at the close of plaintiffs' case.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion for directed verdict granted and complaint dismissed.