**Michael NADER, Plaintiff–Appellant,**

**v.**

**ABC TELEVISION, INC.,**
**Defendant–Appellee.**

**Docket No. 04–5034–CV.**

United States Court of Appeals,
Second Circuit.

Sept. 30, 2005.

Joseph J. Ranni, Goshen, NY, for Appellant.

Kathleen M. McKenna (Amy B. Regan, New York, NY), New York, NY, for Appellees, of counsel.

Present: SACK, KATZMANN, and B.D. PARKER, Circuit Judges.

## AMENDED SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

*Plaintiff Michael Nader brought various disability discrimination, contract, and tort claims against his former employer, ABC Television, after the network terminated his contract and refused to rehire him in the wake of his well-publicized arrest for selling cocaine to an undercover police officer. After reviewing his claims, we conclude that the district court properly granted summary judgment for the defendant.*

### I. Disability Discrimination Claims

To establish his claim under the Americans with Disabilities Act (ADA), Nader must prove (1) the employer is subject to the ADA; (2) Nader is disabled within the meaning of the ADA; (3) he could perform the essential functions of his job with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability. *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 869–70 (2d Cir.1998). The New York State Human Rights Law, *see* N.Y. Exec. L. § 296 *et seq.*, and New York City Administrative Code, *see* N.Y. Admin. Code. Title 8, are governed by the same analytical framework. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n. 1 (2d Cir.2000) (state law); *Mohamed v. Marriott Int'l Inc.*, 905 F.Supp. 141, 156–57 (S.D.N.Y. 1995) (city law).

For the purposes of its motion for summary judgment, ABC contests only the fourth element: causation. We analyze claims of disparate treatment under the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Reg'l Econ. Cmty. Action Program, Inc. (RECAP) v. City of Middletown*, 294 F.3d 35, 48–49 (2d Cir.), *cert. denied*, 537 U.S. 813, 123 S.Ct. 74, 154 L.Ed.2d 16 (2002). First, an ADA plaintiff must establish a prima facie case of discrimination by presenting evidence that the disability "was a significant factor" in the employer's decision. *Id.* at 49 (citation and internal quotation marks omitted) (emphasis in original). If the plaintiff makes out a prima facie case, then the burden of production shifts to the defendant to provide a legitimate, nondiscriminatory reason for its actions. *Id.* The plaintiff must then prove that the defendant's justifications were pretextual and that defendant intentionally discriminated on a prohibited ground. *Id.* If the plaintiff "make[s] a substantial showing that the defendant['s] proffered explanation was false, 'it is *permissible* for the trier of fact to infer the ultimate fact of

discrimination from the falsity of the employer's explanation.'" *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 146–47, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (emphasis in *Reeves*)).

■ When ABC initially terminated his contract three weeks after his arrest, Nader was explicitly excluded from the scope of the ADA, as a current substance abuser. *See* 42 U.S.C. § 12114(a). In any event, even if Nader were protected by the disability discrimination laws, and were able to make out a prima facie case, ABC fired him because of his breach of his contract's morals clause, and Nader has not made any showing that this legitimate non-discriminatory explanation is pretextual.

■ As for ABC's decision not to rehire Nader in September, Nader fails to make a prima facie case that an adverse job action occurred under circumstances giving rise to an inference of discrimination. *See Heyman v. Queens Village Comm. for Mental Health for Jamaica Cmty. Adolescent Program,* 198 F.3d 68, 72 (2d Cir. 1999). In failure to rehire cases, the plaintiff usually must show:

> (i) that he belongs to a [protected group], (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 n. 6, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (quoting *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817). By the time Nader is stipulated to have become a rehabilitated addict the acting "job" of playing Dimitri Marick on *All My Children* was no longer an available position—first because another actor had been hired to complete the season, and subsequently because the role no longer existed. Because Nader cannot show that he applied for an available position for which the employer was seeking applicants, he cannot establish the presence of circumstances giving rise to an inference of discrimination.

### II. Contract and Quasi-contract Claims

Nader also asserts claims of breach of contract, fraudulent misrepresentation, fraudulent inducement, unjust enrichment, and breach of the covenant of fair dealing.

### A. Breach of Contract

Nader's contract claim is evaluated under New York law. ABC fired Nader because his arrest and accompanying publicity violated his contract's "morals clause." Nader provides no support for his claim that the morals clause was unenforceable for being too ambiguous or vague. Morals clauses have long been held valid and enforceable. *See* 19 Williston on Contracts § 54:45; Rest.2d. Agency § 380 (duty of good conduct). There is no indication that New York departs from the generally applicable law on this point. *See, e.g., Borges v. McGuire,* 107 A.D.2d 492, 502, 487 N.Y.S.2d 737, 743 (1st Dep't 1985) (Kupferman, J., dissenting) (noting that the New York Administrative Code contains a morals clause).

Nader's assertion that his conduct did not fall within the terms of the morals clause is meritless. The undisputed facts that Nader was arrested and that the arrest generated media attention brings his conduct well within any reasonable interpretation of the clause. Nader's procedural objections to ABC's termination letter are also meritless. He claims notice was defective because it was not "immediate." But, as the District Court correctly noted, the contract provides that "ABC *may* upon

written notice to Artist immediately terminate," not that it must do so. In any event, ABC sent its termination letter only 20 days after Nader's arrest. This is a reasonable amount of time to evaluate Nader's conduct and make an employment decision. Nader also asserts that the termination letter was delivered improperly because it was sent to Nader's agent, Arthur Toretsky, instead of to Nader directly. But, as the District Court noted, again correctly, the only address listed on the face of the contract itself was for "c/o Arthur Toretsky." Finally, Nader argues that ABC breached his contractual right to disability leave. But nothing in the employment contract indicates that Nader's rights to disability leave restrict ABC's termination rights under the morals clause. The District Court, therefore, properly granted summary judgment for ABC on Nader's breach of contract claim.

## B.   *Fraudulent Misrepresentation*

■   To state a claim for fraudulent misrepresentation under New York law "a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Eternity Global Master Fund Ltd. v. Morgan Guar., Trust Co.*, 375 F.3d 168, 186–87 (2d Cir.2004) (internal quotation marks and citation omitted). Each element of a fraud claim must be proven by clear and convincing evidence. *See Hutt v. Lumbermens Mut. Cas. Co.*, 95 A.D.2d 255, 257, 466 N.Y.S.2d 28, 30 (2d Dep't 1983). Even if Nader could prove intent, reliance, and damages, he has offered no proof that ABC made a false representation of fact. "The mere fact that the expected performance was not realized is insufficient to demonstrate that defendant falsely stated its intentions." *Laing Logging, Inc. v. Int'l Paper*

*Co.*, 228 A.D.2d 843, 845, 644 N.Y.S.2d 91, 93 (3d Dep't 1996). The only evidence in the record indicates that ABC made no firm promises to hire Nader, but referred indefinitely to plans to talk again after Nader finished treatment. The District Court, therefore, properly granted summary judgment for ABC on Nader's fraudulent misrepresentation claim.

## C.   *Fraudulent Inducement*

To prove fraudulent inducement Nader must show: (1) a knowingly false representation of a material fact, and (2) detrimental reliance thereon. *Nat'l Union Fire Ins. Co. v. Worley*, 257 A.D.2d 228, 233, 690 N.Y.S.2d 57, 61 (1st Dep't 1999). Because Nader has not pointed to any representation of fact, let alone a knowingly false one, his fraudulent inducement claim fails too.

## D.   *Unjust Enrichment*

"To state a cause of action for unjust enrichment, a plaintiff must allege that it conferred a benefit upon the defendant, and that the defendant will obtain such benefit without adequately compensating plaintiff therefor." *Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D.2d 598, 600, 741 N.Y.S.2d 100, 102 (2d Dep't 2002). On appeal Nader argues that the benefits ABC received were the wages that would have accrued between his return from rehabilitation and September. But this claim fails because ABC was not under any obligation to pay Nader and Nader did not do any work for ABC which would have warranted a salary.

## E.   *Covenant of Good Faith and Fair Dealing*

On appeal, Nader appears to have dropped the covenant of good faith and fair dealing as an independent claim and instead incorporated it into his breach of contract claim. As the District Court correctly noted, the implied covenant of good

58

faith and fair dealing does not afford Nader an independent ground of relief. *See New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 318, 639 N.Y.S.2d 283, 289, 662 N.E.2d 763, 769 (1995). Because, Nader's breach of contract claim fails, so does his claim under the covenant of good faith and fair dealing.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.