■ ALLAN MORRISON, Individually and Doing Business as AL-LAN MORRISON CUSTOM BUILT HOMES, Respondent, v PAUL WOOLLEY et al., Appellants. [845 NYS2d 508]—

Mercure, J.P. Appeal from an order of the Supreme Court (Hall, Jr., J.), entered June 12, 2006 in Washington County, which partially granted plaintiff's motion for a preliminary injunction.

In December 2003, defendants hired plaintiff, their neighbor, to build portions of their new home in the Town of Easton, Washington County. Defendants were unhappy with the quality of the work and requested that plaintiff perform repairs, but he refused. After learning that plaintiff's home was for sale in September 2005, defendants placed a sign on their property that stated, "MORRISON BUILT OUR HOUSE CONTACT US BEFORE HE BUILDS YOURS!!" The sign was illuminated so that it was visible at all times and, in addition to its text, was sometimes affixed with "frowning 'smiley' faces." Defendants also operated a Web site displaying images of plaintiff's purported workmanship, and plaintiff claims that these images, as well as defendants' claims about his character, are misleading.

Alleging that he has had great difficulty selling his home due to defendants' actions, plaintiff commenced this action seeking punitive damages and injunctive relief. Supreme Court partially granted plaintiff's subsequent motion for a preliminary injunction, prohibiting defendants from "displaying, maintaining or erecting any signs regarding [plaintiff]" at their home "during the pendency of this matter." Defendants appeal and we now modify by denying the motion in its entirety.

It is well settled that a "party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of the equities in [his or her] favor" (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *see Doe v*

*Axelrod*, 73 NY2d 748, 750 [1988]). Here, Supreme Court granted the preliminary injunction in connection with plaintiff's prima facie tort claim. To succeed on the merits of that claim, plaintiff must show "(1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful" (*Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143 [1985] [citation omitted]; *see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 332 [1983]). Moreover, "there is no recovery in prima facie tort unless malevolence is the sole motive for defendant's otherwise lawful act or, in [other words], unless defendant acts from 'disinterested malevolence' " (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d at 333 [citation omitted]; *see Lerwick v Kelsey*, 24 AD3d 931, 931-932 [2005], *lv denied* 6 NY3d 711 [2006]). Particularly relevant here, "[w]here relief may be afforded under traditional tort concepts, prima facie tort may not be invoked as a basis to sustain a pleading which otherwise fails to state a cause of action in conventional tort" (*Freihofer v Hearst Corp.*, 65 NY2d at 143). That is, prima facie tort is not " 'a "catch-all" alternative for every cause of action which cannot stand on its legs' " (*Curiano v Suozzi*, 63 NY2d 113, 118 [1984], quoting *Belsky v Lowenthal*, 62 AD2d 319, 323 [1978], *affd* 47 NY2d 820 [1979]).

We agree with defendants that plaintiff has not shown a likelihood of success on the merits on his prima facie tort claim. In determining whether to grant the preliminary injunction, Supreme Court concluded that plaintiff was not likely to succeed on his libel claims, which are based on the same underlying facts, because defendants' statements merely constituted expressions of opinion, and not assertions of fact (*see Abrams v Jiskra*, 185 Misc 2d 207, 208 [2000]). Inasmuch as an "apparent attempt to characterize an alleged libel as a cause of action for prima facie tort [will] fail" (*Butler v Delaware Otsego Corp.*, 203 AD2d 783, 784 [1994]), plaintiff's prima facie tort claim is also likely to fail (*see Belsky v Lowenthal*, 62 AD2d at 322-323; *see also Curiano v Suozzi*, 63 NY2d at 118-119). In any event, plaintiff has not alleged that defendants' *sole* motivation was disinterested malice, as required to obtain recovery in prima facie tort (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d at 333; *Bassim v Hassett*, 184 AD2d 908, 910 [1992]; *Roberts v Pollack*, 92 AD2d 440, 447 [1983]). In short, because plaintiff failed to demonstrate a likelihood of success on the merits, the preliminary injunction should not have been issued.

Defendants' remaining arguments are either rendered aca-

demic by our decision or, upon consideration, have been found to be lacking in merit.

Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially granted plaintiff's motion for a preliminary injunction; motion denied in its entirety; and, as so modified, affirmed.