■ LAWRENCE WHITE, Respondent, v MARILEE G. IVY, Also Known as TERRY G. IVY, Appellant. [880 NYS2d 374]—

Kane, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 7, 2008 in Saratoga County, which denied defendant's motion for summary judgment dismissing the amended complaint.

The parties entered into a lease agreement for plaintiff to rent a portion of defendant's building to be used as a fine art gallery. Because the premises were in poor condition, the lease contained provisions for the parties to perform renovations and apportion the costs and responsibilities for those renovations. Disagreements arose, ending with plaintiff vacating the premises. In his amended complaint in this action, plaintiff asserted causes of action for fraud, constructive eviction, tortious interference "with a business," unjust enrichment, quantum meruit and prima facie tort. Supreme Court denied defendant's motion for summary judgment dismissing the amended complaint, prompting defendant's appeal.

Supreme Court should have granted defendant's motion as to plaintiff's fraud cause of action. That cause of action is not precluded by the lease's merger clause, as plaintiff alleges he was fraudulently induced to sign the lease based upon defendant's representations (*see Gizzi v Hall*, 300 AD2d 879, 881 [2002]). The parties dispute whether defendant represented that the building was structurally sound or that she possessed an engineer's report verifying the structural soundness of the building, which defendant now affirms she did not have. Even accepting this factual dispute regarding whether defendant made misrepresentations that she knew were false, plaintiff has failed to establish a question of fact on the element of justifiable reliance (*see Tanzman v La Pietra*, 8 AD3d 706, 707 [2004]). Pictures in the record reveal the building's general state of disrepair. While it is unclear whether the building's alleged structural problems were definitely ascertainable from an ordinary visual inspection, plaintiff contends that he requested the engineer's report from defendant several times. Plaintiff signed the lease and undertook major renovations, despite defendant's failure to produce the report. His failure to demand receipt of the engineer's report prior to taking these steps, when he was apparently concerned about the building's structural soundness, defeats the element of his justifiable reliance on defendant's alleged misrepresentations (*see id.* at 708). Additionally, considering the building's observable state of disrepair, plaintiff's concern not only about the structural soundness but also about defendant's failure to supply the requested report,

and plaintiff's access to the building and time within which to have his own expert conduct an inspection, plaintiff's failure to protect his interests by conducting such an inspection further defeats his justifiable reliance on defendant's alleged statements (*see Peach Parking Corp. v 346 W. 40th St., LLC*, 42 AD3d 82, 87 [2007]; *Davidson Metals Corp. v Marlo Dev. Co.*, 238 AD2d 463, 464 [1997]). Thus, the court should have granted defendant' motion for summary judgment on the fraud cause of action.

Summary judgment is not appropriate on the constructive eviction cause of action. The code enforcement officer determined that the building could not be occupied until it was inspected for structural integrity, preventing plaintiff from further operating his business at that location. There are questions of fact concerning whether plaintiff was responsible for or encouraged this municipal determination. The lease language is also ambiguous as to whether plaintiff was responsible for obtaining a certificate of occupancy or whether he was only required to abide by any terms of such a certificate once one was issued, regardless of who obtained the certificate. Thus, there were factual issues concerning whether defendant deprived plaintiff of "the beneficial use and enjoyment of the premises" (*Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 83 [1970]).

Supreme Court should have dismissed plaintiff's cause of action for tortious interference with business relations. While New York recognizes a causes of action for tortious interference with business relations or contractual relations, the party asserting such a claim must allege a particular business relationship or contract with a third party that was affected by the offending party's actions (*see Carvel Corp. v Noonan*, 3 NY3d 182, 189-190 [2004]; *Williams Oil Co. v Randy Luce E-Z Mart One*, 302 AD2d 736, 738 [2003]). Here, plaintiff made only general allegations that his business was shut down, without reference to any particular business relationship or contract that was impaired by defendant's alleged assertions concerning the building. Hence, defendant was entitled to dismissal of that cause of action (*see Pacheco v United Med. Assoc.*, 305 AD2d 711, 713 [2003]; *Korn v Princz*, 226 AD2d 278, 278-279 [1996]).

Claims of unjust enrichment and quantum meruit are precluded if a valid and enforceable contract governs the improvements made to the building (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]; *Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572 [2005]). The lease contains provisions addressing repairs and maintenance,

alterations and improvements, capital repairs and a schedule of specific work to be performed. Because the lease governs repairs and improvements to the building, defendant was entitled to summary judgment dismissing the unjust enrichment and quantum meruit causes of action.*

The prima facie tort cause of action also should have been dismissed. Such a cause of action can only be successful if the defendant's sole motive is malevolence (*see Morrison v Woolley*, 45 AD3d 953, 954 [2007]). Plaintiff's own allegations assert that defendant made false statements to him to procure free building improvements and profit for herself. As malevolence was not defendant's sole motive, defendant was entitled to dismissal of that cause of action.

Cardona, P.J., Peters, Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing plaintiff's causes of action for fraud, tortious interference with business relations, unjust enrichment, quantum meruit and prima facie tort; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.

---

* Although the original complaint contained causes of action relating to breach of contract, those causes of action were not included in the amended complaint.