Sallustio v R. Kessler & Assoc., Inc. (2017 NY Slip Op 07792)





Sallustio v R. Kessler & Assoc., Inc.


2017 NY Slip Op 07792


Decided on November 9, 2017


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.


960 CA 17-00258

[*1]JOSEPH SALLUSTIO AND SYLVIA SALLUSTIO, PLAINTIFFS-APPELLANTS,
v
R. KESSLER AND ASSOCIATES, INC., AND ROBERT KESSLER, DEFENDANTS-RESPONDENTS. 






E. STEWART JONES HACKER MURPHY, LLP, TROY (DAVID IVERSON OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
SAUNDERS KAHLER, L.L.P., UTICA (MERRITT S. LOCKE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered May 26, 2016. The order, insofar as appealed from, denied that part of the motion of plaintiffs seeking to dismiss defendants' fourth counterclaim. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiffs contracted with defendants for the construction of a single family residence, and construction began but was halted when a dispute arose. Plaintiffs refused to approve any further draws until the alleged defects were cured, and defendants sent plaintiffs an invoice and filed a notice of mechanic's lien. For a period of approximately six weeks thereafter, plaintiffs placed a sign on their property that said "R. KESSLER SCREWED US BEWARE." Plaintiffs commenced this breach of contract action, and defendants asserted various counterclaims in their answer, including one for defamation based on the sign that plaintiffs had erected. We conclude that Supreme Court properly denied that part of plaintiffs' motion pursuant to CPLR 3211 (a) (7) seeking to dismiss the defamation counterclaim. Contrary to plaintiffs' contention, the statement is "reasonably susceptible of a defamatory connotation" (Armstrong v Simon & Schuster, 85 NY2d 373, 380 [1995]). Furthermore, it is a mixed statement of opinion and fact and thus is actionable inasmuch as it is "an opinion that implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it' " (Davis v Boeheim, 24 NY3d 262, 269 [2014]; see Zulawski v Taylor [appeal No. 2], 63 AD3d 1552, 1553 [4th Dept 2009]). The answer thus sufficiently states a counterclaim for defamation (see Davis, 24 NY3d at 274).
All concur except Carni, J., who dissents and votes to reverse the order insofar as appealed from in accordance with the following memorandum: Inasmuch as I conclude that the statement "R. KESSLER SCREWED US BEWARE" constitutes rhetorical hyperbole or nonactionable opinion, I respectfully dissent. Plaintiffs published this statement on a sign placed on their property in a subdivision being developed by defendants, within which defendants were constructing a home for plaintiffs. During construction, a significant dispute arose concerning defendants' alleged deviations from design specifications and, ultimately, plaintiffs refused to authorize any further progress payments and directed defendants to cease work. Defendants filed a mechanics' lien, which allegedly caused plaintiffs to lose their bank financing for the project. Plaintiffs commenced this litigation and defendants answered and asserted counterclaims for, inter alia, defamation.
In my view, the statement at issue, made within the context of the above dispute, "is no more than rhetorical hyperbole, and, as such, is not to be taken literally" (Rand v New York Times Co., 75 AD2d 417, 422 [1st Dept 1980]) or, alternatively, it is pure opinion (see Morrison v [*2]Woolley, 45 AD3d 953, 954 [3d Dept 2007] [Defendants' sign on their property stating, "MORRISON BUILT OUR HOUSE CONTACT US BEFORE HE BUILDS YOURS!!," which sign was sometimes affixed with "frowning smiley' faces," and defendants' website displaying images of plaintiff's purported workmanship constituted mere expressions of opinion and not of fact]; see also Pappas v Ollie's Seafood Grille & Bar L.L.C., 2007 WL 8326636, *8 [Ct App SC 2007] [Statement that plaintiffs had "cheated" or "screwed" defendants nonactionable opinion]; Jarrett v Goldman, 67 Va Cir 361, 2005 WL 1323115, *8 [Va Cir Ct 2005] [Use of the words "screwed up" best characterized as nonactionable opinion]; Corporate Training Unlimited, Inc. v National Broadcasting Co., Inc., 868 F Supp 501, 511 [ED NY 1994] [Statement that plaintiffs "screwed up my husband's life, screwed up my life, screwed up our whole—the whole family's life" is not a "statement of verifiable fact"]; Sandler v Marconi Circuit Tech. Corp., 814 F Supp 263, 268 [ED NY 1993] [Statement that plaintiff "screwed up" was nothing more than an expression of opinion and did not amount to defamation under New York law]).
I respectfully disagree with the majority's conclusion that the statement constitutes a mixed statement of opinion and fact. The statement, in the context in which it was published, was an expression of disapproval and, as such, it was a pure opinion and not actionable (see Steinhilber v Alphonse, 68 NY2d 283, 295 [1986]). There is no expression or implication in the statement or its context that plaintiffs possess undisclosed defamatory facts. To the contrary, all the facts one needs to interpret the sign are presented in full public view. Notably, the record contains a request in defendants' opposing papers for permission from the court to clarify its pleadings by, inter alia, "clarifying the context in which the defamatory statements were made," including the fact that "the premises upon which the sign was placed were within a building subdivision of nine (9) buildings lots containing Plaintiffs' lot, one (1) fully built home and seven vacant lots for sale." Plaintiffs' lot contains a partially constructed home foundation and incomplete home construction project, all of which is open to public view. Defendants fail to identify any facts, defamatory or otherwise, beyond those available for public viewing, i.e., disclosed, that are allegedly implied by the statement or its context but unknown to those reading it.
In light of the foregoing, I would reverse the order insofar as appealed from and grant that part of plaintiffs' motion to dismiss the fourth counterclaim, for defamation.
Entered: November 9, 2017
Mark W. Bennett
Clerk of the Court