■ BARBARA FITCH et al., Respondents, v TMF SYSTEMS, INC., et al., Defendants, and PHILIP CIFARELLI, Appellant. [707 NYS2d 539] —Lahtinen, J. Appeal from an order of the Supreme

---

3. See, footnote 2 (supra).

Court (Kramer, J.), entered September 3, 1999 in Schenectady County, which denied defendant Philip Cifarelli's motion for summary judgment dismissing the complaint against him.

From November 1988 through September 1989, plaintiffs invested $22,500 in TMF Systems, Inc., a corporation formed to develop, market, sell and service franchises that sold rattan furniture. Prior to plaintiffs' initial investment in TMF, promotional literature was distributed that identified the business, introduced the principals and officers responsible for its development and operation, established prospective growth patterns of the business and contained a number of caveats set out in bold face type. The caveats advised potential investors of the highly speculative nature of the estimated return on investment, warned them that they should not invest unless they could afford a total loss of investment and suggested that inexperienced or unsophisticated investors should consult with a qualified financial advisor before investing. On March 17, 1989 and prior to plaintiffs' last three investments in TMF totaling $2,500, a private placement memorandum was distributed to all investors which contained a specific disclaimer of any representation regarding the TMF offering other than those contained therein. That memorandum also reiterated the caveats set forth in the promotional materials received by plaintiffs before they invested in TMF.

When TMF failed to grow and plaintiffs received no return on their investment, they demanded their money back. By letter dated September 19, 1990, defendant Paul Rutherford, the president of TMF, agreed to try to find replacement investors within 180 days or repurchase plaintiffs' shares at 110% of the original investment cost. When Rutherford failed to perform, plaintiffs commenced this action in the fall of 1991 against TMF and its individual officers alleging causes of action in conversion, fraud, specific performance and breach of contract. The actions were discontinued against TMF, Rutherford and defendant Richard Norelli by reason of their discharge in bankruptcy. The actions proceeded against the remaining defendants and each moved for summary judgment. Defendant Philip Cifarelli (hereinafter defendant), in support of his motion for summary judgment, alleged that he functioned as an independent contractor and never made any representations to plaintiffs regarding TMF. In an oral decision, Supreme Court held that defendant's statements concerning his independent contractor status and lack of representations to plaintiffs were

untrue and denied defendant's motion. Defendant now appeals and we reverse.*

In order to establish a cause of action in fraud, plaintiffs must show that defendant misrepresented a material fact, he did so knowingly, the misrepresentation was justifiably relied on and some injury or damage resulted (*see, DonDero v Gardner*, 267 AD2d 830, 831; *Landes v Sullivan*, 235 AD2d 657, 658). We find plaintiffs' proof lacking with respect to several of these elements.

Plaintiffs do not charge defendant with any specific misrepresentation in their complaint, but allege that "*defendants* told plaintiffs that they would generate income through the sale of rattan furniture franchises; the marketing of the franchises would be conducted under the guidance of Francorp; the franchises would be provided adequate training and support from *defendants*; that *defendants* would be suppliers to the franchises; and that defendants [*sic*] and other investors would receive a priority in profit distribution" (emphasis supplied). Plaintiffs allege that those statements induced them to invest in TMF to their loss. Plaintiffs' bill of particulars does nothing to amplify these allegations as they pertain to defendant. However, even if we were to attribute such representations to defendant, they are not statements of existing fact but expressions of future expectations which cannot sustain a fraud cause of action (*see, Goldsmith v Fight For Sight*, 251 AD2d 120; *Tannehill v Paul Stuart, Inc.*, 226 AD2d 117).

The only representations specifically attributed to defendant are set out in plaintiffs' affidavits submitted in opposition to defendant's motion for summary judgment. Plaintiffs claim that they relied upon the representations set out in the promotional materials regarding defendant's training, education and experience; defendant's January 1988 representations at a shareholders' meeting that rattan furniture was popular and this business would be competition for Pier I Imports; defendant's Labor Day 1988 representations while unloading a truck at the prototype store in Clifton Park that TMF was a good investment and the business was doing extremely well with orders from Canada, Rochester and Buffalo; and representations made at a presentation to shareholders sometime in 1989 that the business was doing great and they were going to have 100 stores.

Eliminating the obvious "expressions of future expectations,"

---

* In their brief plaintiffs acknowledged that they are not pursuing the contract causes of action against defendant, leaving only the causes of action sounding in fraud and conversion for us to consider.

there is nothing in the record to support a finding that the remaining statements of existing fact concerning the business and defendant's background and qualifications were untrue as of the time they were allegedly made. The repeated reference to how well "the business" was doing was to the business conducted in the prototype store upon which the franchise stores were to be modeled, not TMF, and the fact that defendant considered his relationship with TMF that of an independent contractor does not alter the content of the alleged representations made by him. Nevertheless, even if defendant knowingly misrepresented those facts as plaintiffs allege, the record is clear that their reliance on such misrepresentations was not justified. Plaintiffs were well advised by the promotional material of the risk and speculative nature of the investment before they invested in TMF, received a specific disclaimer concerning representations made outside the written promotional materials before they made their final investments, and could have made relevant inquiries as to the few representations of existing fact allegedly made to them by defendant before any investment was made, all of which precludes them from now complaining that they were induced to enter into this investment by misrepresentations (*see, Danann Realty Corp. v Harris*, 5 NY2d 317, 322; *DonDero v Gardner, supra*, at 831).

Plaintiffs' action against defendant based on conversion must also fail. Defendant demonstrated that he never received any of the money plaintiffs invested in TMF, never exerted control over those funds and never had access to them. Defendant's showing required plaintiffs to lay bare their case to demonstrate that the elements of its cause of action for conversion are real and capable of being established at trial (*see, Harvest Moon v Arochas*, 270 AD2d 138; *O'Connor v Blodnick, Abramowitz & Blodnick*, 242 AD2d 324). Plaintiffs failed to come forward with any evidentiary proof in admissible form to show that defendant, notwithstanding his status as chief financial officer of TMF, participated in or had any knowledge of the alleged conversion (*see, e.g., American Feeds & Livestock Co. v Kalfco, Inc.*, 149 AD2d 836, *lv denied* 74 NY2d 608) or that he ever received any of the money invested by plaintiffs or was under any obligation to return it, essential elements of the tort of conversion (*see, Key Bank v Grossi*, 227 AD2d 841). In fact, the record reflects that plaintiffs' June 7, 1990 demand for the return of their investment and all subsequent contacts concerning the return of their investment were directed to Rutherford, Norelli and/or defendant Garry Olsen.

Carpinello, J. P., Mugglin and Rose, JJ., concur. Ordered

that the order is modified, on the law, with costs to defendant Philip Cifarelli, by reversing so much thereof as denied defendant Philip Cifarelli's motion for summary judgment; said motion granted, summary judgment awarded to said defendant and complaint dismissed against him; and, as so modified, affirmed.