■ DIANA WENDY, Respondent, v GILBERT SPECTOR et al., Defendants and Third-Party Plaintiffs-Appellants, HOWARD WENDY, Respondent, et al., Defendant, et al., Third-Party Defendant. [731 NYS2d 649] —In an action to recover on a promissory note, the defendants third-party plaintiffs Gilbert Spector and Myra Spector appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered June 1, 2000, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint, and denied those branches of their cross motion which were for summary judgment dismissing the complaint and to disqualify the counsel for the plaintiff and the counter-

claim defendant third-party defendant Howard Wendy, and (2) a judgment of the same court, dated June 14, 2000, which is in favor of the plaintiff and against them in the principal sum of $802,688.88.

Ordered that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from so much of the intermediate order as granted that branch of the plaintiff's motion which was for summary judgment on the complaint must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the complaint are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the appellants' contention, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint (*see, Zuckerman v City of New York,* 49 NY2d 557).

The parties' remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Goldstein, H. Miller and Townes, JJ., concur.