■ DONG SHENG LU, Respondent, v EQUITABLE COMPANY, INC., et al., Defendants, and MICHAEL HO, Appellant. [775 NYS2d 554]—

In an action, inter alia, to recover damages for breach of contract, the defendant Michael Ho appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 21, 2003, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

In September 1996 the plaintiff's decedent applied to defendant The Equitable Life Assurance Society for a life insurance policy. However, she failed to inform Equitable that she had undergone dual valve replacement heart surgery in 1991. The

decedent died about one year after the policy was issued, and Equitable refused to pay the policy benefits. As a result, the plaintiff, as administrator of the decedent's estate, brought the instant action against, among others, Equitable and the defendant Michael Ho, who sold the policy to the decedent, to recover the proceeds of the policy. The plaintiff alleged that Ho had told the decedent to omit from her application her medical history as it related to her heart. Equitable and Ho separately moved for summary judgment dismissing the complaint insofar as asserted against them. Although the Supreme Court granted Equitable's motion, it denied Ho's motion. Ho appeals from so much of the order as denied his motion for summary judgment. We reverse the order insofar as appealed from, and grant Ho's motion for summary judgment.

On appeal, the plaintiff correctly "concedes that he does not possess a valid cause of action for breach of contract against defendant Ho as agent of [Equitable], his disclosed principal." Therefore, the first cause of action insofar as asserted against Ho to recover damages for breach of contract should have been dismissed.

Ho was also entitled to summary judgment dismissing the second cause of action insofar as asserted against him, which alleges fraud. The elements of a cause of action alleging fraud are "a representation of fact, which is either untrue and known to be untrue or recklessly made, and which is offered to deceive the other party and to induce them to act upon it, causing injury" (*Jo Ann Homes at Bellmore v Dworetz*, 25 NY2d 112, 119 [1969]; *see Avecia, Inc. v Kerner*, 299 AD2d 380 [2002]; *Cohen v Houseconnect Realty Corp.*, 289 AD2d 277, 278 [2001]). Additionally, the plaintiff's reliance on the misrepresentation must be justifiable (*see Cohen v Houseconnect Realty Corp., supra*).

In the context of insurance, "[a]n insured cannot remain silent while cognizant that his insurance application contains misleading or incorrect information . . . In particular, he [or she] must notify his [or her] insurance company of nonapparent medical conditions which the company probably would consider relevant when deciding whether to issue a policy" (*North Atl. Life Ins. Co. of Am. v Katz*, 163 AD2d 283, 284-285 [1990] [citations omitted]; *see Minsker v John Hancock Mut. Life Ins. Co.*, 254 NY 333, 338 [1930]; *Boyd v Allstate Life Ins. Co. of N.Y.*, 267 AD2d 1038 [1999]; *Equitable Life Assur. Socy. of U.S. v O'Neil*, 67 AD2d 883, 884 [1979]). Thus, in the instant case, the decedent's reliance on Ho's alleged representations that she did not have to include her history of heart surgery on her insur-

ance application was unjustifiable as a matter of law (*see Wageman v Metropolitan Life Ins. Co.*, 24 AD2d 67, 70-71 [1965], *affd* 18 NY2d 777 [1966]).

Finally, the plaintiff's claim for punitive damages also should have been dismissed (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]). Smith, J.P., Goldstein, Adams and Townes, JJ., concur.