NATUROPATHIC LABORATORIES INTERNATIONAL, INC., et al., Appellants, v SSL AMERICAS, INC., et al., Respondents. [795 NYS2d 580]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered March 15, 2004, which, to the extent appealed from as limited by the brief, granted defendants' motion to dismiss plaintiffs' fraud claim, unanimously affirmed, with costs.

While we accord plaintiffs' allegations every favorable inference, it is plain in light of the documentary evidence, including the parties' letters and the unsigned Stock Purchase Agreement, that plaintiffs have no cause of action for fraud (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *O'Donnell, Fox & Gartner, P.C. v R-2000 Corp.*, 198 AD2d 154 [1993]). The March 15, 2002 letter from Stuart Heap, president and CEO of SSL Americas, Inc., a subsidiary of SSL International, to plaintiff Naturopathic Laboratories International, Inc.'s investment bank provided that defendants "would *envision* funding the proposed acquisition with cash on hand and borrowings" (emphasis added) and his May 20 and May 31 proposals used the word "intend." These expressions, as well as a statement allegedly made by Heap some time in May 2002 that financing "would be no problem" for SSL International because of its size, amount to no more than statements of prediction or expectation, and as such are not actionable (*see Albert Apt. Corp. v Corbo Co.*, 182 AD2d 500 [1992], *lv dismissed* 80 NY2d 924 [1992]; *Platus Corp. Pension Plan v Nazareth*, 271 AD2d 422, 423 [2000]). Further, the writ-

ten statements in Heap's May 20 and May 31 proposals that financing would not be a condition of closing are not subject to construction as representations that SSL International had the funds to close, only that if it did not close for lack of financing it would be answerable in contract for its failure to do so. To the extent that plaintiffs profess reliance on Heap's remark that the "deal was done," and that the contract was complete but for the resolution of a pending lawsuit, it was not reasonable for them to have believed that SSL International had committed to purchasing the stock since the written language consistently used in SSL International's communications, and included in the July 30, 2002 draft agreement, provided that the execution and delivery of an agreement would be essential to the existence of a valid and binding contract (see Reprosystem, B.V. v SCM Corp., 727 F2d 257, 262-263 [1984], cert denied 469 US 828 [1984]; Scheck v Francis, 26 NY2d 466 [1970]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Williams, JJ.