JERRY OKO et al., Respondents, v ROBERT T. WALSH et al., Defendants, and SOUTHERN STAR MORTGAGE CORP., Appellant. [814 NYS2d 655]—

In an action, inter alia, to recover damages for fraud, the defendant Southern Star Mortgage Corp. appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated December 22, 2004, which denied its motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

As the appellant correctly contends, the plaintiffs failed to state a cause of action for fraud. "To make out a prima facie case of fraud, the complaint must contain allegations of a representation of material fact, falsity, scienter, reliance and injury" (*Small v Lorillard Tobacco Co.,* 94 NY2d 43, 57 [1999]). Moreover, the plaintiff must show not only that he actually relied on the misrepresentation, but also that such reliance was reasonable (*see Stuart Silver Assoc. v Baco Dev. Corp.,* 245 AD2d 96, 98 [1997]).

In this case, as relevant to the appellant, the plaintiffs' alleged reliance on a mortgage preapproval certificate issued by the appellant was unreasonable in light of the clear, written provision thereof stating that the preapproval did not constitute a loan approval or commitment. Any alleged oral representations to the contrary do not call for a different result (*see Old Clinton Corp. v 502 Old Country Rd.,* 5 AD3d 363 [2004]; *Sulaiman Corp. v Asian Am. Food Corp.,* 285 AD2d 499 [2001]; *Stone v Schulz,* 231 AD2d 707 [1996]). Accordingly, the plaintiffs failed to state a cause of action to recover damages for fraud, and the appellant's motion pursuant to CPLR 3211 to dismiss

the complaint insofar as asserted against it should have been granted.

Furthermore, inasmuch as we are dismissing the only cause of action asserted against the appellant, we also dismiss the claim for punitive damages insofar as asserted against it (*see McCormack v County of Westchester*, 286 AD2d 24, 31 [2001]). Miller, J.P., Crane, Luciano and Rivera, JJ., concur.