■ INTERNATIONAL OIL FIELD SUPPLY SERVICES CORP., Appellant, v FESTUS ALANI FADEYI et al., Respondents, et al., Defendants. [825 NYS2d 730]—

In an action to recover damages, inter alia, for breach of fiduciary duty, breach of contract, fraud, and unjust enrichment, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated April 25, 2005, as granted those branches of the motion of the defendant Festus Alani Fadeyi which were pursuant to CPLR 3211 (a) (7) and CPLR 3016 (b) to dismiss the first, third, and fourth causes of action, granted those branches of the separate motion of the defendant Jason Fadeyi which were pursuant to CPLR 3211 (a) (7) and CPLR 3016 (b) to dismiss the fifth, seventh, and eighth causes of action, granted that branch of the separate motion of the defendant CSS Petroleum Services, LLC, which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and denied that branch of its cross motion which was, in effect, for leave to replead pursuant to CPLR 3211 (e) to assert causes of action against the defendant CSS Petroleum Services, LLC.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting that branch of the motion of the defendant Festus Alani Fadeyi which was to dismiss the first cause of action and granting that branch of the separate motion of the defendant Jason Fadeyi which was to dismiss the fifth cause of action and substituting therefor provisions denying those branches of the separate motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's allegations, liberally construed, may broadly be summarized as follows. Over a period of more than 10 years, the plaintiff International Oil Field Supply Services Corp. (hereinafter IOFS) and its principals, Kevin Murtha and Albert Longoria, formed close business and personal ties with the individual defendants Festus Alani Fadeyi (hereinafter Festus) and his son, Jason Fadeyi (hereinafter Jason), as well as with the corporate defendant Pan Ocean Oil Corporation, Nigeria (here-

inafter Pan Ocean), which was managed by Festus. Festus and Longoria had known each other since 1987, well before IOFS was formed, and were close personal friends. Among other things, in 1994 IOFS provided the services of one of its petroleum engineers to Pan Ocean, and, in January 2003 IOFS entered into a one-year service agreement with Pan Ocean (hereinafter the Service Agreement).

From approximately 1993 until 2003, IOFS paid Festus sums ranging from $2,000 to $20,000 per month to act as its agent in Nigeria to identify and secure business opportunities and, generally, to provide advice to the company. As of September 30, 2003, Festus allegedly had received a total of $1,337,259 from IOFS.

On or about December 1, 1995, Jason acquired an 80% ownership interest in IOFS following a cash investment of $1,000,000 advanced by Festus. As a result, Jason became IOFS's Vice-President, with managerial control over the company. However, from 1999 until the end of September 2003, at Festus's request, IOFS progressively repurchased Jason's shares for a total consideration of $1,471,402.

Sometime between December 2002 and November 2003, while still purporting to act for IOFS's benefit, Festus allegedly inflated certain projections and analyses prepared by IOFS before submitting them to the Nigerian Government, and forced IOFS to use substandard products and service providers, all for the purpose of making IOFS appear incompetent. Over the same time period, Festus, Jason, and other members of the Fadeyi family formed another company—the defendant CSS Petroleum Services, LLC (hereinafter CSS)—to handle business that should have been referred by Festus and Jason to IOFS. In November 2003 Festus caused Pan Ocean to terminate the Service Agreement and, in January 2004, Pan Ocean replaced IOFS with CSS.

In sum, IOFS claims that it paid a significant amount of money to Festus and Jason over the course of many years, believing all the while that they would act in IOFS's best interests and, through their expertise and contacts, would help the company develop business in Nigeria. Instead, Festus and Jason, while appearing to act for IOFS's benefit, in fact succeeded in undermining its reputation in Nigeria and, thereafter, in setting up a competing entity to which they diverted IOFS's business opportunities. As stated in the complaint, "the intention of Festus Fadeyi [was] to withdraw as much funds as possible, either through Festus Fadeyi or through Jason Fadeyi or through CSS, from IOFS; after which it was his intention to

fully convert IOFS's business operations for his own use, all to the detriment of IOFS."

Insofar as is relevant to this appeal, IOFS contends that the foregoing allegations make out cognizable causes of action against Festus and Jason sounding in fraud, breach of fiduciary duty, and unjust enrichment.

On a CPLR 3211 (a) (7) motion to dismiss, the facts alleged in the complaint must be accepted as true, and the court may freely consider additional facts contained in affidavits submitted by the plaintiff to remedy any defects in the complaint (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 635 [1976]). Additionally, the plaintiff must be afforded the benefit of every possible favorable inference, as the court's function is limited to determining whether the facts alleged fit within any cognizable legal theory (*see Goldfarb v Schwartz,* 26 AD3d 462, 463 [2006]; *see also AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.,* 5 NY3d 582, 591 [2005]; *Leon v Martinez, supra* at 87-88). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*EBC I, Inc. v Goldman, Sachs & Co.,* 5 NY3d 11, 19 [2005]).

The Supreme Court erred in dismissing the first and fifth causes of action alleging breach of fiduciary duty against Festus and Jason, respectively. Contrary to Festus' contention, the claim that he acted merely as a "finder" for IOFS, rather than as an agent having fiduciary responsibilities, requires "an evaluation of the quality and quantity of services rendered" (*see Northeast Gen. Corp. v Wellington Adv.,* 82 NY2d 158, 163 [1993])—a fact question that generally cannot be resolved at the pre-answer stage (*see EBC I, Inc. v Goldman, Sachs & Co., supra* at 19-20). Jason's contention that he owed no fiduciary duty to IOFS after January 1, 2000—the date on which IOFS agreed to repurchase his majority stake in the company—is similarly unavailing. The share purchase agreement, which is attached as an exhibit to the complaint, states that Jason would continue to hold the shares until the repurchase price was paid in full—an event which plaintiff alleges did not occur until the end of September 2003.

The Supreme Court properly dismissed the fourth and eighth causes of action, which are predicated on fraud, as the complaint fails to articulate any specific misrepresentation of a material present fact, made by either Festus or Jason, and on which IOFS justifiably relied. Vague expressions of hope and future expectation provide an insufficient basis upon which to predicate a claim of fraud (*see Roney v Janis,* 53 NY2d 1025 [1981]; *Fitch v TMF Sys.,* 272 AD2d 775 [2000]).

Similarly, the Supreme Court properly dismissed the third and seventh causes of action, predicated on unjust enrichment (*see EBC I, Inc. v Goldman, Sachs & Co., supra* at 23; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 388 [1987]).

Contrary to the contention of IOFS, the Supreme Court providently exercised its discretion in denying its cross motion, in effect, for leave to replead pursuant to CPLR 3211 (e) to include new causes of action against CSS, as IOFS failed to establish a "good ground" for the relief sought (*see Johnson v Allstate Ins. Co.,* 33 AD3d 665 [2006]; *Andux v Woodbury Auto Park, Inc.,* 30 AD3d 362 [2006]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.