■ FOOT LOCKER STORES, INC., et al., Appellants, v PYRAMID MANAGEMENT GROUP, INC., et al., Respondents. [845 NYS2d 664]—

Appeal from an order of the Supreme Court, Onondaga County (James C. Tormey, J., for John V. Centra, J.), entered October 31, 2006. The order, insofar as appealed from, denied plaintiffs' motion for partial summary judgment and granted in part defendants' motion for summary judgment dismissing plaintiffs' claims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting plaintiffs' motion and dismissing the first, second and fifth counterclaims and as modified the order is affirmed without costs.

Memorandum: Plaintiffs, tenants in retail shopping centers owned and operated by defendants, commenced this action to recover sums allegedly overcharged by defendants pursuant to the parties' leases. Supreme Court properly granted that part of defendants' motion seeking partial summary judgment dismissing the claims relating to electricity overcharges based solely on the quantity of electricity used by plaintiffs prior to February 1, 2002. Defendants established that, prior to that date, plaintiffs did not comply with the checkmeter procedure set forth in the leases, which the parties agreed would be the "sole and exclusive remedy between [them] to resolve any dispute concerning the amount of electrical usage within the Premises," and plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The court erred, however, in denying plaintiffs' motion seeking partial summary judgment dismissing defendants' first, second and fifth counterclaims alleging, respectively, fraud, fraudulent inducement with respect to the parties' agreement to terminate certain leases, and breach of the operating covenants of those terminated leases. We therefore modify the order accordingly. Plaintiffs' alleged misrepresentations were "not statements of existing fact but expressions of future expectations which cannot sustain" the two counterclaims based upon fraud (*Fitch v TMF Sys.*, 272 AD2d 775, 777 [2000]). Further, the failure of plaintiffs to disclose, during the lease termination negotiations, that they were conducting an audit of all of their leases does not support those counterclaims because plaintiffs had no duty to disclose the audit to defendants (*see generally Nasaba Corp. v Harfred Realty Corp.*, 287 NY 290, 295 [1942]; *Elghanian v Harvey*, 249 AD2d 206 [1998]). Present—Scudder, P.J., Hurlbutt, Fahey, Green and Pine, JJ.