■ Charles F. McMorrow, Appellant, v Dime Savings Bank of Williamsburgh et al., Defendants, and Sanders, Gutman & Brodie, P.C., et al., Respondents. [852 NYS2d 345]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (D. Schmidt, J.), dated September 27, 2006, as granted that branch of the motion of the defendants Sanders, Gutman & Brodie, P.C., and Jordan Brodie which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

Following the plaintiff's default in paying the mortgage on his Brooklyn property, the defendant Dime Savings Bank of Williamsburgh (hereinafter Dime) successfully commenced a mortgage foreclosure action against him. The plaintiff eventually paid off the amounts owed by selling the premises to a third party. Claiming that he overpaid certain penalty interest and counsel fees, the plaintiff thereafter commenced the instant action alleging, inter alia, fraud and extortion against Dime and the law firm which prosecuted the foreclosure action, the defendant Sanders, Gutman & Brodie, P.C., and a partner, the defendant Jordan Brodie (hereinafter collectively SG & B). The Supreme Court granted that branch of the motion of SG & B which was to dismiss the complaint insofar as asserted against SG & B, and this appeal ensued. We affirm.

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Kalmon Dolgin Affiliates of Long Is. v Robert Plan Corp.*, 248 AD2d 594 [1998]). The elements of a cause of action alleging fraud are "a representation of fact, which is either untrue and known to be untrue or recklessly made, and which is offered to deceive the other party and to induce them to act upon it, causing injury" (*Jo Ann Homes at Bellmore v Dworetz*, 25 NY2d 112, 119 [1969]; *see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Brannigan v Board of Educ. of Levittown Union Free School Dist.*, 18 AD3d 787, 788 [2005]). Moreover, the plaintiff must show not only that he or she actually relied on the misrepresentation, but also

that such reliance was reasonable (*see Orlando v Kukielka,* 40 AD3d 829, 831 [2007]; *Dong Sheng Lu v Equitable Co.,* 6 AD3d 650, 651 [2004]; *Stuart Silver Assoc. v Baco Dev. Corp.,* 245 AD2d 96, 98 [1997]).

Applying the instant principles to the case at bar, the Supreme Court properly granted that branch of SG & B's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it. The plaintiff's reliance, inter alia, on alleged omissions of fact by SG & B about the mortgage payoff amount and prepayment penalties was unreasonable in light of the clear, documented written provision in the mortgage agreement stating the penalties for the prepayment of the mortgage and a default (*see Ozelkan v Tyree Bros. Envtl. Servs., Inc.,* 29 AD3d 877, 879 [2006]; *Old Clinton Corp. v 502 Old Country Rd.,* 5 AD3d 363, 365 [2004]). Any alleged oral misrepresentations to the contrary do not call for a different result (*see Oko v Walsh,* 28 AD3d 529 [2006]; *Sulaiman Corp. v Asian Am. Food Corp.,* 285 AD2d 499 [2001]). Accordingly, the Supreme Court properly determined that documentary evidence belied the plaintiff's cause of action to recover damages for fraud against SG & B.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur.