■ GILBERT SPECTOR et al., Respondents-Appellants, v DIANA WENDY et al., Appellants-Respondents. [881 NYS2d 465]—

In an action, inter alia, to recover damages for fraud and unjust enrichment, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 7, 2008, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the fifth and sixth causes of action, and the plaintiffs cross-appeal from so much of the same order as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first through fourth causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fifth and sixth causes of action are granted, and the complaint is dismissed with prejudice; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In previous litigation between the parties, the defendant Diana Wendy obtained a judgment (hereinafter the first judgment) against the plaintiffs in the amount of a loan guaranty. This Court affirmed that judgment (*see Wendy v Spector*, 287 AD2d 558 [2001]), and affirmed an order, made upon renewal, adher-

ing to the original determination (*see Wendy v Spector*, 305 AD2d 403, 403-404 [2003]). The plaintiff Myra Spector paid the judgment with interest on October 29, 2001 and obtained contribution from the defendant Howard Wendy, who was a coguarantor. In a second action, Diana Wendy obtained a judgment (hereinafter the second judgment) against the plaintiffs herein for an attorney's fee she had incurred in the first action. In related appeals, this Court rejected the plaintiffs' contention that Diana Wendy's claim for an attorney's fee was barred by the doctrine of res judicata (*see Wendy v Spector*, 305 AD2d 403 [2003]), and upheld the dismissal of the plaintiffs' separate lawsuit for contribution from Howard Wendy (*see Spector v Wendy*, 52 AD3d 688 [2008]). On January 22, 2005 the plaintiffs paid the second judgment with interest.

By verified complaint dated October 23, 2007, the plaintiffs commenced this action, alleging that in or about April 2007, they discovered for the first time that certain ledger entries had been made in the corporate books of the primary debtor on the loan they had guaranteed. They alleged that these entries demonstrated that Diana Wendy had falsely represented in the previous litigation that she was the lawful assignee of the guaranty, entitled to enforce it against the plaintiffs, and failed to disclose that the debt on the primary obligation had been cancelled prior to entry of the first judgment. The plaintiffs asserted four causes of action alleging fraud and two causes of action alleging unjust enrichment, seeking return of all money they had paid in satisfaction of the first and second judgments. The Supreme Court, inter alia, dismissed the fraud causes of action pursuant to CPLR 3211 (a) (7) and denied those branches of the defendants' motion which were to dismiss the unjust enrichment claims on the same ground.

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Kass v Zaslav*, 55 AD3d 877 [2008]). "The essential elements of a cause of action sounding in fraud are a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Orlando v Kukielka*, 40 AD3d 829, 831 [2007]; *see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]; *Oko v Walsh*, 28 AD3d 529 [2006]). The plaintiff

must show not only that he actually relied on the misrepresentation, but also that such reliance was reasonable (*see McMorrow v Dime Sav. Bank of Williamsburgh*, 48 AD3d 646, 647-648 [2008]; *Oko v Walsh*, 28 AD3d 529 [2006]).

Here, the Supreme Court properly dismissed the fraud causes of action. Contrary to the plaintiffs' contentions, the alleged entries in the corporate books merely reflected an after-the-fact accounting for the satisfaction of the loan by the payment of value for the assignment of the note and guaranty to Diana Wendy. Accepting the allegations as true, they do not establish that Diana Wendy made false representations or material omissions upon which the plaintiffs reasonably relied in paying the first and second judgments. Accordingly, the plaintiffs failed to state a cause of action to recover damages for fraud (*see Oko v Walsh*, 28 AD3d at 529-530).

Nor did the plaintiffs state a cause of action to recover for unjust enrichment. "To prevail on a claim of unjust enrichment, a plaintiff must establish that the defendant benefitted at the plaintiff's expense and that equity and good conscience require restitution" (*Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 592-593 [2007]; *see Cruz v McAneney*, 31 AD3d 54, 59 [2006]). Here, accepting the plaintiffs' allegations as true, they do not establish that the first and second judgments were unlawfully or fraudulently obtained or that, as a matter of equity, Diana Wendy should disgorge the payments she received under those judgments. Accordingly, the Supreme Court should have dismissed the fifth and sixth causes of action.

In light of our determination, we need not reach the parties' remaining contentions. Prudenti, P.J., Miller, Eng and Belen, JJ., concur.