◼ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, Plaintiff, v MILLICENT SINCLAIR et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. CONTOUR MORTGAGE CORPORATION et al., Third-Party Defendants-Appellants. [891 NYS2d 445]—

The defendants and third-party plaintiffs Millicent Sinclair and Eugene Sinclair (hereinafter the Sinclairs) own a house in Cambria Heights, Queens. During a period of approximately one year, between October 11, 2003 and October 21, 2004, the Sinclairs refinanced their existing mortgages three times with the assistance of mortgage broker Contour Mortgage Corporation (hereinafter Contour). Three years later, in November 2007 the Sinclairs allegedly defaulted on their payment obligations under the mortgage executed October 21, 2004 and the plaintiff bank commenced this foreclosure action against them. The Sinclairs thereafter commenced a third-party action against Contour and its principal Richard Pregiato (hereinafter together the third-party defendants), alleging, inter alia, that the third-party defendants had defrauded them into refinancing three times in just one year in order to generate substantial fees. The Sinclairs alleged that the third-party defendants accomplished their fraudulent scheme by misrepresenting the benefits of refinancing, including the amount of money they would net as a result of each loan transaction, and the amount of the reduction in their total mortgage payments. The Sinclairs further averred that in order to procure mortgage loans for which they did not qualify, the third-party defendants misrepresented the amount of Millicent Sinclair's income to the lenders involved in the transactions. The third-party defendants moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third-party complaint, and the Supreme Court denied their motion. We reverse the order insofar as appealed from by Contour.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]; *Leon v Martinez,* 84 NY2d 83, 87 [1994]; *Etzion v Etzion,* 62 AD3d 646, 650 [2009]; *McGovern v Nassau County Dept. of Social Servs.,* 60 AD3d 1016, 1017 [2009]). However, factual allegations which are flatly contradicted by the record are not presumed to be true and, "[i]f the documentary proof disproves an essential allegation of the complaint, dismissal pursuant to CPLR 3211 (a) (7) is warranted even if the allegations, standing alone, could withstand a motion to dismiss for failure to state a cause of action" (*Peter F. Gaito Architecture, LLC v Simone Dev. Corp.,* 46 AD3d 530, 530 [2007]; *see Daub v Future Tech Enter.,*

*Inc.,* 65 AD3d 1004 [2009]; *Dinerman v Jewish Bd. of Family & Children's Servs., Inc.,* 55 AD3d 530, 531 [2008]; *Paolino v Paolino,* 51 AD3d 886, 887 [2008]). Further, "where the documentary evidence utterly refutes plaintiff's factual allegations" and conclusively establishes a defense to the asserted claims as a matter of law, the complaint may be dismissed (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d at 326; *see Leon v Martinez,* 84 NY2d at 88; *Etzion v Etzion,* 62 AD3d at 650; *McMorrow v Dime Sav. Bank of Williamsburgh,* 48 AD3d 646, 647 [2008]).

Applying these principles here, that branch of the motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third-party complaint insofar as asserted against Contour must be granted. The essential elements of a cause of action sounding in fraud are a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421 [1996]; *Spector v Wendy,* 63 AD3d 820, 821 [2009]; *Orlando v Kukielka,* 40 AD3d 829 [2007]; *Ozelkan v Tyree Bros. Envtl. Servs., Inc.,* 29 AD3d 877, 878 [2006]). Furthermore, a fraud claim must be based upon a misrepresentation of an existing fact rather than upon an expression of future expectations (*see Foot Locker Stores, Inc. v Pyramid Mgt. Group, Inc.,* 45 AD3d 1447, 1448 [2007]; *International Oil Field Supply Servs. Corp. v Fadeyi,* 35 AD3d 372, 375 [2006]; *Transit Mgt., LLC v Watson Indus., Inc.,* 23 AD3d 1152, 1155 [2005]; *Naturopathic Labs. Intl., Inc. v SSL Ams., Inc.,* 18 AD3d 404 [2005]). The Sinclairs' allegation that Contour procured loans on their behalf by misrepresenting Millicent Sinclair's income to the lenders involved in the transactions does not state a viable cause of action alleging fraud because such misrepresentations were not made to the Sinclairs for the purpose of inducing their reliance. In any event, the Sinclairs' assertion that they were unaware that Millicent Sinclair's income allegedly had been overstated was contradicted by the loan applications and borrower's certifications which they signed. Furthermore, to the extent that the Sinclairs' claim is predicated upon Contour's alleged misrepresentations concerning the benefits of refinancing, such misrepresentations are not actionable in fraud because they constitute expressions of future expectations (*see Foot Locker Stores, Inc. v Pyramid Mgt. Group, Inc.,* 45 AD3d at 1448; *International Oil Field Supply Servs. Corp. v Fadeyi,* 35 AD3d at 375; *Transit Mgt., LLC v Watson Indus., Inc.,* 23 AD3d at 1155; *Naturopathic Labs. Intl., Inc.,* 18

AD3d at 404). In any event, the Sinclairs could not have justifiably relied upon any oral misrepresentations concerning the benefits of refinancing which may have been made by Contour employees because the record demonstrates that the Sinclairs were provided, inter alia, with truth-in-lending disclosure statements which apprised them of what their payment obligations would be, and with written notice of their right to cancel the loan transactions within three business days (see *McMorrow v Dime Sav. Bank of Williamsburgh,* 48 AD3d 646, 647-648 [2008]). In addition, the Sinclairs signed "Pre-Application Disclosure and Fee-Arrangement" forms disclosing the fees which Contour was charging for its services.

The third-party complaint also fails to state a cause of action alleging conversion insofar as asserted against Contour (see *Daub v Future Tech Enter., Inc.,* 65 AD3d 1004 [2009]; *Batsidis v Batsidis,* 9 AD3d 342, 343 [2004]). Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.