Lapin v Verner (2025 NY Slip Op 03184)

Lapin v Verner

2025 NY Slip Op 03184

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-11370
 (Index No. 511987/23)

[*1]Benjamin Lapin, appellant, 
v
Adam Verner, et al., respondents.

Jonathan E. Neuman, Fresh Meadows, NY, for appellant.
Goulston & Storrs P.C., New York, NY (Adam J. Safer of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 3, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging fraud.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants to recover damages for breach of fiduciary duty and fraud in relation to a failed real estate investment. The plaintiff alleged, inter alia, that an agent of the defendants, nonparty Marty Loeb, deceived the plaintiff into investing in a certain real estate project being overseen by the defendant Adam Verner. The plaintiff alleged that Loeb misrepresented that Verner, who is the chief executive officer of the defendant Springhouse Partners, Inc., was a "real estate mogul," and that the investment was "conservative" and would generate an annual 5% return with distributions within 18 to 24 months. The plaintiff further alleged that the defendants made material omissions of fact by failing to disclose their involvement in certain other concomitant investments, and by failing to disclose that "the project was overleveraged" and "susceptible to interest rate changes."
Prior to interposing an answer, the defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the cause of action alleging fraud on the ground, among others, that the plaintiff failed to state a cause of action. In opposition, the plaintiff submitted an affidavit. In an order dated August 3, 2023, the Supreme Court, inter alia, granted that branch of the defendants' motion. The plaintiff appeals.
"'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every favorable inference'" (1470 39th St., LLC v Goldberg, 226 AD3d 853, 854, quoting Dee v Rakower, 112 AD3d 204, 208; see Leon v Martinez, 84 NY2d 83, 87-88). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 129, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142). "In assessing a motion under CPLR 3211(a)(7), [*2]however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon v Martinez, 84 NY2d at 88; see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960). "'If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Cordell Marble Falls, LLC v Kelly, 191 AD3d 760 [internal quotation marks omitted], quoting Sokol v Leader, 74 AD3d 1180, 1181-1182; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"'The required elements of a common-law fraud claim are a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (Singh v T-Mobile, 232 AD3d 662, 666, quoting Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 845; see GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 570). "When a plaintiff brings a cause of action based upon fraud, 'the circumstances constituting the wrong shall be stated in detail'" (Sargiss v Magarelli, 12 NY3d 527, 530, quoting CPLR 3016[b]). "[A]llegations of fraudulent misrepresentations which amount to no more than '[v]ague expressions of hope and future expectation' (International Oil Field Supply Servs. Corp. v Fadeyi, 35 AD3d 372, 375), or 'mere opinion and puffery' (DH Cattle Holdings Co. v Smith, 195 AD2d 202, 208) . . . provide an insufficient basis upon which to predicate a claim of fraud" (High Tides, LLC v DeMichele, 88 AD3d 954, 958). Moreover, "'[a] plaintiff is expected to exercise ordinary diligence and may not claim to have reasonably relied on a defendant's representations [or silence] where he [or she] has means available to him [or her] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation'" (Benjamin v Yeroushalmi, 178 AD3d 650, 654, quoting Sitar v Sitar, 61 AD3d 739, 742).
Here, affording the allegations in the complaint, as supplemented by the plaintiff's affidavit, their most favorable intendment (see 1470 39th St., LLC v Goldberg, 226 AD3d at 854), the plaintiff failed to state a cause of action for fraud. The allegations of fraudulent misrepresentations amount to "no more than vague expressions of hope and future expectation" or "mere opinion and puffery," and are nonactionable (High Tides, LLC v DeMichele, 88 AD3d at 958 [internal quotation marks omitted]; see Davis v Siben & Siben, LLC, 211 AD3d 681, 682; Deutsche Bank Natl. Trust Co. v Sinclair, 68 AD3d 914, 916; ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC, 50 AD3d 397; Sidamonidze v Kay, 304 AD2d 415, 416; Hewlett v Staff, 235 AD2d 696, 697). Moreover, no facts have been alleged which might give rise to a reasonable inference that Loeb knew the misrepresentations were false or misleading at the time they were made (see Davis v Siben & Siben, LLC, 211 AD3d at 682; Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d at 845), or that the plaintiff exercised ordinary diligence to ascertain the truth or quality of the investment information (see Benjamin v Yeroushalmi, 178 AD3d at 654). In addition, no facts have been alleged which might give rise to a reasonable inference that the defendants had knowledge of the misrepresentations or otherwise participated in the alleged fraud (see Weinstein v Levitin, 208 AD3d 531, 532; High Tides, LLC v DeMichele, 88 AD3d at 958-959).
Further, the allegations of material omissions of fact similarly fail to support a cause of action for fraud. No facts have been alleged which might give rise to a reasonable inference that the alleged omissions were material or that the defendants otherwise had a duty to disclose the alleged omissions to the plaintiff, or that the plaintiff justifiably relied on the alleged omissions (see DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 775; Foot Locker Stores, Inc. v Pyramid Mgt. Group, Inc., 45 AD3d 1447; cf. McDonnell v Bradley, 109 AD3d 592, 594).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging fraud.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court